PER CURIAM.
This matter is before the Court on Motion for Approval of Conditional Guilty Plea for Consent Judgment and Entry of Final Order of Discipline.
On February 28, 1979, the Florida Bar filed its Motion alleging:
1. Subsequent to a finding of probable cause, The Florida Bar filed its complaint covering these cases on June 23, 1978.
2. Prior to the final hearing which was ultimately scheduled for December 11, 1978, the Respondent submitted a Conditional Guilty Plea for Consent Judgment to Count III which is Case 1077030 and Count IV which is 1078004 of the Bar’s complaint. Count I which is Case 1077013 and Count II which is 1077016 were recommended for dismissal after pre-trial investigation. .
*588 3. At their January 1978 meeting, the Board of Governors of The Florida Bar approved acceptance of Respondent’s Conditional Plea and recommends it to this court as final disposition of the cases. The plea calls for a public reprimand based on Counts III and IV of the complaint only to be published as an opinion in the Southern Reporter and payment of costs totaling $323.00.
4. If this Conditional Plea is an acceptable disposition of these cases to the court, The Florida Bar respectfully suggests that the opinion to be published in the Southern Reporter based on Counts III and IV of the complaint can be predicated on the following:
A. In case 1070030 the Respondent was hired by Mr. Sing Wall in late 1976 or early 1977 to represent a relative in connection with a criminal conviction. Mr. Wall agreed to pay the Respondent $1,500.00 and gave him a preliminary payment of $750.00. Subsequent to that time Mr. Wall called the Respondent numerous times at his office without success and also could not reach him at his home. Throughout this period of time, the Respondent did little or nothing to earn the fee which he had been paid by Mr. Wall. During the period of his representation paid for by Mr. Wall the Respondent was not a member in good standing of The Florida Bar as a result of his failure to pay annual dues and deemed unable to practice pursuant to Paragraph 2 of Article VIII of the Integration Rule of The Florida Bar. Respondent’s foregoing actions violated Disciplinary Rules 1— 102(A)(4), 1 — 102(A)(5), 1-102(A)(6), 2-106(A), 6-101(A)(3), 7 — 101(A)(1) and 7-101(A)(2) of The Florida Bar’s Code of Professional Responsibility.
B. In case 1078004, the Respondent was retained and later filed his notice of appearance on July 8,1977 as attorney of record in the case of the State v. Glenn Edward Lewis, Case No. 77—1080, in Polk County, Florida. He also filed a written plea of not guilty. Mr. Lewis paid the Respondent $750.00 to defend him. Prior to that time the defendant had been represented by a public defender. Subsequent to his notice of appearance, an order was entered and mailed to the Respondent and Mr. Lewis advising them that the pre-trial conference previously set for August 15,1977 had been changed in time from 2:00 p. m. to 9:30 a. m. on the same day. The Respondent did not appear either at 9:30 a. m. or at 2:00 p. m. although the defendant did appear in accordance with the order. For a period of some three (3) weeks prior to this pre-trial conference he had attempted unsuccessfully to contact the Respondent. During this period of purported representation, the Respondent was not a member in good standing of The Florida Bar by reason of his failure to pay annual dues and deemed unable to practice pursuant to Section [Paragraph] 2 of Article VIII of the Integration Rule of The Florida Bar. By reason of the foregoing, the Respondent’s conduct violated Disciplinary Rules 1-102(A)(4), 1-102(A)(5), 1-102(A)(6), 2-106(A), 6-101(A)(3), 7-101(A)(1) and 7-101(A)(2) of The Florida Bar’s Code of Professional Responsibility.
The Motion for Approval of Conditional Guilty Plea for Consent Judgment and Entry of Final Order of Discipline is approved, and Respondent, T. David Burns, is hereby disciplined by public reprimand based on Counts III and IV only of the Bar’s complaint to be published in the Southern Reporter.
Costs in the amount of $323.00 are hereby taxed against the Respondent.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.